UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARMTRADE FZCO,<br><br>                Plaintiff,<br><br>    v.<br><br>Chen Enhang and Chen Hongying,<br><br>                Defendants. | CASE NO.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, PARMTRADE FZCO ("PARMTRADE"), by and through its undersigned counsel, brings this Complaint against Defendants, Chen Enhang, a Chinese individual, and Chen Hongying[1], a Chinese individual, for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff PARMTRADE brings this action for violations of its exclusive rights under the Copyright Act, 17 § 106, to copy and distribute PARMTRADE's original copyrighted works of authorship, as defined below.

2. PARMTRADE offers hair solutions and products under the mark HALOGROW and has achieved a significant customer base and following primarily by marketing its products through Amazon.com.

3. The products are sold under the HALOGROW mark are marketed and packaged with distinct artwork, designs and imagery, making HALOGROW products immediately recognizable to consumers.

---

[1] Through the DMCA takedown procedure, Amazon has provided the seller name "陈红英" which transliterates to Chen Hongying.

1

4. PARMTRADE has applied to protect its HALOGROW word and design marks before the USPTO under Application Serial Nos. 99/125,996 and 99/557,369. Application 99/125,996 published for opposition on Oct. 28, 2025.

5. The distinctive designs, marketing and branding can be seen throughout Plaintiff's Amazon.com storefront and on physical products: https://www.amazon.com/stores/page/0AC3C0B1-8697-4356-8F9A-E26000142B04?ingress=0&visitId=d3157704-a7dc-4c49-ac15-cedebc8988ca&ref_=sbx_be_s_sparkle_ssd_cta.

6. The designs used by PARMTRADE in connection with product packaging and marketing its HALOGROW product are original works of authorship constituting copyrightable subject matter under 17 U.S.C. § 102.

7. The original works of authorship are authored by nationals and domiciliary of Lithuania, which is a party to the Berne Convention as of September 14, 1994.

8. The original works of authorship were first published in Lithuania without simultaneous publication in the United States.

9. The relevant subject matter was developed under work-for-hire agreements benefiting PARMTRADE, a UAE company.

10. As the owner of all relevant rights, PARMTRADE is entitled to the rights and remedies accorded by U.S. copyright law to a copyright owner. Said works are not "United States works" as that clause is used in Section 411(a) of the Copyright Act, as they were first published in countries outside the U.S., were authored by nationals or domiciliaries of countries other than the U.S., and were not simultaneously published in the U.S. The United States is a signatory to the Berne Convention and, in order to comply with Article 5(2) of the Berne Convention, the Copyright Act's registration requirement for "United States works" (Section 411(a)) does not apply to non- U.S. works.

PARMTRADE hereby pleads exemption from the Section 411(a) registration requirement as the works are not "United States works" subject to Section 411(a).

11. Defendants Chen Enhang and Chen Hongying sell infringing and counterfeit products copying the intellectual property of PARMTRADE through Amazon.com marketplace to divert sales of PARMTRADE's HALOGROW products from PARMTRADE's Amazon.com store and listing under ASINs B0FWPHLR1V and B0FVM2Y1SK.

12. Through Defendant's successful counterfeiting activities, they have in fact sold considerable amounts of counterfeit products featuring the HALOGROW mark and designs protected by copyright which are the subject of this action.

13. Defendants manufacture products in China and market and sell the infringing products to U.S. customers through Amazon.com supported shipments.

14. Defendant Chen Enhang is located at 1502, Building 3, Rose Garden, East Gao Liang Road, Gaozhou City, China.

15. Amazon.com has provided Plaintiff with an email address for Chen Enhang: enhang0610@163.com.

16. Defendant Chen Hongying is located at Room 3056, 3rd Floor, Xinwei Consumer Goods Comprehensive Market, Hezhuang Street, Xiaoshan District, Hangzhou City, Zhejiang Province, China.[2]

17. Amazon.com has provided Plaintiff with an email address for Chen Hongying: chyty85658439@163.com.

---

[2] Through the DMCA takedown procedure, Amazon has provided the seller address "浙江省杭州市 塘区河庄街道新围消费品综合市场3楼3056室" which transliterates to Room 3056, 3rd Floor, Xinwei Consumer Goods Comprehensive Market, Hezhuang Street, Xiaoshan District, Hangzhou City, Zhejiang Province.

3

18. Defendants have stolen Plaintiff's artwork, marketing and images, and incorporate the same into deceptive marketing and counterfeit product packaging in an effort to divert sales from PARMTRADE to their infringing Amazon.com listings.

19. Defendants stole PARMTRADE's works and manufactured counterfeit products soley for the purpose of diverting sales of a popular Amazon.com product. Such manufacture and promotion of counterfeit goods for the purpose of diverting sales from a popular Amazon.com listing is a common practice among Chinese counterfeiters and a major problem within Amazon.com.

## JURISDICTION AND VENUE

20. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

21. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

22. The Works at issue in this case are not United States works, and is therefore exempt from the Section 411(a) registration requirement with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

23. Defendant is subject to personal jurisdiction in New York given that it targets customers in New York and ships goods into New York County.

24. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district and Defendant is subject to personal jurisdiction in this district.

## PARTIES

25. Plaintiff is a Free Zone Establishment UAE company with its principal place of business at Dubai Silicon Oasis, DDP, Building A1, Dubai, UAE and does business in and with the State of New York and this district.

26. Chen Enhang is a Chinese individual with an address at 1502, Building 3, Rose Garden, East Gao Liang Road, Gaozhou City, China.

27. Chen Hongying is a Chinese individual that with an address at Room 3056, 3rd Floor, Xinwei Consumer Goods Comprehensive Market, Hezhuang Street, Xiaoshan District, Hangzhou City, Zhejiang Province, China.

## THE COPYRIGHTED WORKS AT ISSUE

28. The works of intellectual property at issue in this case is shown below and is referred to herein as the "Works." A copy of the Works are attached hereto as Exhibit 1.





29. PARMTRADE's Works are protected by copyright.

30. At all relevant times, PARMTRADE was the owner of the copyrighted Works at issue in this case.

31. Defendant, Chen Enhang offers infringing products infringing HALOGROW products on Amazon.com under Amazon ASIN number B0FWPHLR1V.

32. Defendant, Chen Hongying offers infringing products infringing HALOGROW products on Amazon.com under Amazon ASIN number B0FVM2Y1SK.

**INFRINGEMENT BY DEFENDANT CHEN ENHANG**

33. Chen Enhang has never been licensed or authorized to use the Works at issue in this action for any purpose.

34. On a date after the Works at issue in this action was created, but prior to the filing of this action, Chen Enhang copied the Works.

35. In or around January of 2026, PARMTRADE discovered the unauthorized use of the Works by Chen Enhang within the Amazon marketplace.

36. Defendant Chen Enhang offers infringing products in their Amazon storefront under ASIN number B0FWPHLR1V.

37. PARMTRADE sent Amazon notice of its copyright claims in or around January of 2026.

38. Despite Amazon's action to remove the infringing storefronts, Amazon has indicated that it will reinstate the infringing storefronts in the coming days as it is not in a position to decide on issues of Copyright Infringement.

39. Chen Enhang copied PARMTRADE's copyrighted Works without PARMTRADE's permission or authorization.

40. After Chen Enhang copied the Works, Chen Enhang made further copies and distributed the Works on the internet in connection with the sale of their goods on the Amazon.com marketplace.

41. Chen Enhang copied and distributed PARMTRADE's copyrighted Works in connection with Chen Enhang's business for purposes of advertising and promoting Chen Enhang's business, and in the course and scope of advertising and selling their products.

42. PARMTRADE's Works are protected by the copyright.

43. Chen Enhang committed copyright infringement of the Works as evidenced by the document attached hereto as Exhibit 1.

44. PARMTRADE never gave Chen Enhang permission or authority to copy, distribute or display the Works at issue in this case.

## INFRINGEMENT BY DEFENDANT CHEN HONGYING

45. Chen Hongying has never been licensed or authorized to use the Works at issue in this action for any purpose.

46. On a date after the Works at issue in this action was created, but prior to the filing of this action, Chen Hongying copied the Works.

47. In or around January of 2026, PARMTRADE discovered the unauthorized use of the Works by Chen Hongying within the Amazon marketplace.

48. Defendant Chen Hongying offers infringing products in their Amazon storefront under ASIN number B0FWPHLR1V.

49. PARMTRADE sent Amazon notice of its copyright claims in or around January of 2026.

50. Despite Amazon's action to remove the infringing storefronts, Amazon has indicated that it will reinstate the infringing storefronts in the coming days as it is not in a position to decide on issues of Copyright Infringement.

51. Chen Hongying copied PARMTRADE's copyrighted Works without PARMTRADE's permission or authorization.

52. After Chen Hongying copied the Works, Chen Hongying made further copies and distributed the Works on the internet in connection with the sale of their goods on the Amazon.com marketplace.

53. Chen Hongying copied and distributed PARMTRADE's copyrighted Works in connection with Chen Hongying's business for purposes of advertising and promoting Chen Hongying's business, and in the course and scope of advertising and selling their products.

54. PARMTRADE's Works are protected by the copyright.

55. Chen Hongying committed copyright infringement of the Works as evidenced by the document attached hereto as Exhibit 1.

56. PARMTRADE never gave Chen Hongying permission or authority to copy, distribute or display the Works at issue in this case.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

57. PARMTRADE incorporates the allegations of paragraphs 1 thorough 54 of this Complaint as if fully set forth herein.

58. PARMTRADE owns valid a copyright in the Works at issue in this case.

59. The Works at issue in this case are not United States works, and is therefore exempt from the Section 411(a) registration requirement with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

60. Chen Enhang and Chen Hongying copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without PARMTRADE's authorization in violation of 17 U.S.C. § 501.

61. Chen Enhang and Chen Hongying performed the acts alleged in the course and scope of their business activities.

62. Chen Enhang's and Chen Hongying's acts were willful.

63. PARMTRADE has been damaged.

64. The harm caused to PARMTRADE has been irreparable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PARMTRADE prays for judgment against Defendants Chen Enhang and Chen Hongying that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff statutory damages;

c. Defendants be required to pay Plaintiff actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

d. Plaintiff be awarded attorneys' fees and costs of suit under the applicable statutes sued upon;

e. Plaintiff be awarded pre- and post-judgment interest; and

f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

DATED: January 16, 2026                    Respectfully Submitted,

/s/ *Ben Natter*
Ben Natter
BN1115

**Haug Partners LLP**
745 Fifth Avenue
New York, NY 10151
+1 212 588 0800
bnatter@haugpartners.com

*Counsel for Plaintiff PARMTRADE*